UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

PURPLE RABBIT MUSIC, W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., FRANKIE C. GAYE d/b/a FCG MUSIC, MARVIN GAYE, III d/b/a MG III MUSIC, NONA M. GAYE d/b/a NMG MUSIC, and PERREN VIBES MUSIC, INC.

Plaintiffs,

v

BOUTIQUE HOSPITALITY CO., LLC and JAMES B. RASOR

Defendants.
_______________________________________/

Civil Action No.

Hon.

## **COMPLAINT**

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege four (4) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary

form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

**THE PARTIES**

4. The Plaintiffs named in Column 2[1] are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant Boutique Hospitality Co., LLC ("BHC"), is a limited liability company organized under the laws of the State of Michigan, with a principal place of business located at 811 E. Eleven Mile Road, Royal Oak, Michigan 48067.

6. At all times hereinafter mentioned BHC did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as the Hotel Royal Oak, located at 811 E. Eleven Mile Road, Royal Oak, Michigan 48067.

7. Musical compositions were and are publicly performed at the Hotel Royal Oak.

8. On information and belief, defendant James B. Rasor ("Rasor" and, together with BHC, the "Defendants") is an individual who resides or does business in this District.

[1] * All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

9. On information and belief, Rasor is a member, officer and/or owner of BHC.

10. At all times hereinafter mentioned, Rasor was, and still is, responsible for the control, management, operation, and maintenance of the affairs of BHC.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at the Hotel Royal Oak, including the right and ability to supervise and control the public performance of musical compositions at the Hotel Royal Oak.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at the Hotel Royal Oak.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than one million songwriters, composers, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Going back several years, ASCAP representatives have made numerous attempts to contact the Defendants. ASCAP's representatives have contacted Defendants by mail, email, telephone and in person.

16. Defendants have refused all of ASCAP's license offers for the Hotel Royal Oak.

17. ASCAP's various communications gave Defendant notice that unlicensed performances of ASCAP's members' musical compositions at the Hotel Royal Oak constitute infringement of ASCAP's members' copyrights in their musical works.

18. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at the Hotel Royal Oak, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

19. Indeed, Defendants not only ignored ASCAP's warnings and settlement overtures, but directly refused to take a license and threatened to retaliate against ASCAP representatives merely for having sought a resolution of the matter. And despite having been specifically warned that future performances of ASCAP members' music would be infringement, Defendants proceeded with them anyway. This demonstrates willful infringement that justifies enhanced damages.

20. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

21. The compositions named in causes of action 2 and 4 were registered as unpublished compositions on the dates stated in Column 5, and since the dates of registration have been printed and published in strict conformity with Title 17 of the United States Code.

22. The compositions named in causes of action 1 and 3 were published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17 of the United States Code.

23. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3 of Schedule A, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

24. The compositions named in causes of action 2 and 3 are now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued a Certificate of Registration of the claim of the renewal of copyright in the name of that claimant listed in Column 7. The date and identification number of the renewal certificate are set forth in Column 8.

25. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at the Hotel Royal Oak, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

26. The public performances at the Hotel Royal Oak of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

27. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

28. The many unauthorized performances at the Hotel Royal Oak include the performances of the four copyrighted musical compositions upon which this action is based.

29. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

30. The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at the Hotel Royal Oak, or in any place owned, controlled, managed or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c), in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Dated: October 19, 2026

Respectfully submitted,

By: /s/ *Brian D. Wassom*_
WARNER NORCROSS + JUDD LLP
Brian D. Wassom (P60381)
12900 Hall Road, Suite 200
Sterling Heights, MI 48313
(586) 303-4139
bwassom@wnj.com

*Attorneys for Plaintiffs*